## WILSON V. HILLHOUSE.

1. ASSIGNMENT OF ERROR. Where the bill of exception contained a large amount of evidence and cross-examination, and the assignment was "that there was error in allowing the cross-examination, and the introduction of evidence, and the overruling *plaintiff's* objections, as set forth in bill of exceptions, number one," it was held, that the assignment was not sufficiently specific, under § 3546 of the Rev. of 1860. WRIGHT, J., dissenting.

2. REPLEVIN: MEASURE OF DAMAGES. In an action of replevin against a sheriff, it is not competent for the plaintiff to show, for the purpose of fixing his damages, that he was compelled to deposit with his surety on the replevin bond a sum of money as indemnity.

3. EVIDENCE: BONA FIDE CONVEYANCE. Where the *bona fide* character of a conveyance, under which the plaintiff in replevin claimed was assailed by the defendant, evidence tending to show the good faith and performance of the contract of conveyance, on the part of the grantee, is admissible; and the rejection of such evidence by the court, constitutes good ground for reversal.

*Appeal from Des Moines District Court.*

FRIDAY, DECEMBER 5.

REPLEVIN by John Wilson, to recover against the defendant, Sheriff of Des Moines county, certain personal property, upon which the defendant levied an execution, issued against the property of James A. Wilson. The answer alleges, that the property "was, and in fact is, the property of said James A. Wilson, and that any claim set up by plaintiff to said property is fraudulent, and that

any transfer of said property by said James A. Wilson to plaintiff is, and was, fraudulent and void, and made for the purpose of defrauding creditors." It is shown by bill of exceptions number one, on the trial, a deed executed by the said James A. Wilson, conveying to the plaintiff a large amount of land and stock, and other personal property, was introduced by plaintiff. The consideration expressed on the face of the deed was ten thousand dollars. The execution under which defendant justified, issued on the 14th day of November, 1859, was also introduced by the plaintiff, who testified, that the property described in the writ of replevin was all embraced in the deed, and was, at the date of the execution thereof, the property of James A. Wilson, with the exception of four steers. On cross-examination, the defendant was permitted, against the objections of plaintiff's counsel, to interrogate the witness " as to the history and facts relating to said deed, and the consideration therefor; " the ground of objection being, that it was not proper cross-examination. The witness made, on the cross-examination, a detailed statement of the value of the property, and of the several obligations of the grantor, which he had assumed in consideration of the conveyance. It is also shown, by bill of exceptions number two, that plaintiff proposed to prove, for the purpose of establishing the amount of his damages, that he was compelled to deposit with his surety on the replevin bond, the sum of five hundred dollars, as indemnity, and that that sum was still held by the surety; but upon the objection of defendant, the court refused to receive the evidence. Bill of exceptions number three shows, that plaintiff offered the assessment roll of real estate in Des Moines county, for the purpose of showing the value of the land described in the deed; this was also rejected, upon the objection of defendant. The plaintiff then offered to prove, as is shown by bill of exceptions number four, that he had agreed to pay certain creditors

of his grantor claims amounting to several thousand dollars; that under this arrangement, he had, in good faith, paid large sums of money to some of the creditors, and had secured the principal portion of the balance. An objection to this by defendant was sustained by the court. Verdict for the defendant, as to all the property, except the four steers not embraced in the deed, and the plaintiff appeals.

*Hall, Harrington & Hall* for the appellant.

*J. Tracy* for the appellee.

LOWE, J.—An action for replevin, which resulted in a judgment for the defendant, and the plaintiff appeals, assigning for error:

I. There was error in allowing the cross-examinations and introduction of evidence, and overruling plaintiff's objections, as set forth in bill of exceptions No. 1

This bill of exceptions covers ten pages, and includes a large amount of evidence and cross-examinations; and the counsel assigning the above error will find a very conclusive answer to the same, in § 3546 of the Revision of 1860.*

II. There was error in sustaining defendant's objection to the evidence proposed to be introduced, as set forth in bill of exceptions No. 2.

It seems, from this exception, that the plaintiff offered to prove, by his own testimony, that, in suing out his writ of replevin, he was compelled to deposit with his surety on the replevin bond $500, as indemnity. This evidence was

---

* NOTE.— "§ 3546. An assignment of error need follow no stated form, but must, in a way as specific as the case will allow, point out the very error objected to. Among several points in a demurrer, or in a motion, or instructions or rulings in an exception, it must designate which is relied on, as an error; and the court will only regard errors which are assigned with the required exactness; but the court must decide on each error assigned."—REPORTER.

sought to be introduced, to prove the damages which the plaintiff had sustained by the wrongful detention of the property. If the plaintiff did sustain any damages from this cause, it was not the natural or necessary result of the defendant's conduct, and is too remote and contingent to be the foundation of any claim for damages.

III. "There was error in sustaining defendant's objection to the evidence proposed to be introduced, as set forth in bill of exceptions No. 3."

The evidence, which this bill of exceptions shows was rejected, bore so very remotely upon the issue between the parties, that counsel for appellant makes no allusion, in argument, to this assignment of error ; and it really merits no attention.

IV. With regard to the fourth or last error assigned, it is proper to state, as preliminary to its consideration, that the defendant, being the sheriff of the-county, had seized the property in controversy, to satisfy an execution in favor of the State of Iowa against James A. Wilson, the father of the plaintiff. The plaintiff, to maintain his action, and to show his title and right of possession to the property replevied, exhibited a deed, which conveyed, for the consideration of $10,000, all the personal and real estate of his father, James A., to himself. This deed of conveyance included the property replevied, except four steers, owned by the plaintiff, anterior to the making of said deed. The *bona fides* of this conveyance was assailed by the defendant; evidence was elicited, tending to show that the $10,000 had not been paid; that it was nothing like an adequate consideration for the property sold, &c. Upon the cross-examination of the plaintiff by the defendant, he stated, among other things, that a part of the consideration, which he was to pay for said property, was the assumption of some of his father's liabilities, especially the paying of some incumbrances upon the land, in favor of Miller, Arm-

strong & Kriechbaum, subject to whose liens he had purchased the land.

Afterward the plaintiff was again introduced in behalf of himself and offered to prove, according to the language of the fourth bill of exceptions, "that he had gone on in good faith to pay large sums of money to Kriechbaum and had made new arrangements and secured most of the balances." Objection being made this evidence was refused and such refusal constitutes the last assignment of error. The objection to the introduction of this evidence is inappreciable to us; it certainly tended (not to be sure in a very strong degree) to sustain the good faith of the deed under which the plaintiff held, by showing that, at least, a part of the consideration of the same had been paid. But it is said that it was a payment of a part of the incumbrances on the land which has nothing to do with this controversy. Still it is replied that the plaintiff holds the personal property in dispute by the same deed which conveys to him the land and as the whole deed is impeached as fraudulent, whatever tends to disprove the charge is legitimate evidence.

It is impossible for us to estimate the effect which the rejected facts offered to be proved by plaintiff, would have had upon the minds of the jury, or whether the same in the result would have affected the substantial rights of the parties or not; and therefore it would seem to be the dictate of prudence to be upon the safe side to recognize the error, and award to the plaintiff another hearing by reversing the judgment for this cause, which is accordingly done.

Reversed.

WRIGHT, J., *dissenting*. — Plaintiff sues in replevin for certain personal property levied upon by the defendant as sheriff. The issue was whether a certain deed from the execution defendant to plaintiff covering this property, was

fraudulent. Plaintiff was sworn as a witness in his own behalf and the *first* bill of exceptions recites that on his examination in chief he was asked if the property replevied was a part of that included in the deed. He replied that it was, except four steers. He was then asked who owned the four steers, and who the other property *before* the date of said deed. The answer was that he owned the steers and his father (the execution defendant) the balance. The witness was then surrendered for cross-examination, and defendant proposed to interrogate him as to the history and facts relating to said deed and the consideration therefor. Plaintiff objected upon the ground that this was not proper cross-examination, and that if defendant desired to show these facts he must wait " until his time to introduce evidence arrives and prove it by his own witnesses." The objection was overruled and the witness was cross-examined fully as proposed. At the close of the bill of exceptions it is stated that " to all which defendant then and there excepted." As to this part of the record, plaintiff makes this assignment: " There was error in allowing the cross-examination and introduction of evidence and overruling plaintiff's objections as set forth in bill of exceptions No. 1, page 22." A majority of the court, instead of passing upon the question raised and discussed by counsel, dispose of the assignment by saying that it is not sufficiently specific and exact within the meaning of § 3546 of the Revision of 1860. As I believe that the court erred in permitting the cross-examination and that the assignment is not obnoxious to the defect claimed, I cannot concur in this ruling.

The language of the section referred to is that : " An assignment of error need follow no stated form, but must, in a way as specific as the case will allow, point out the very error objected to. Among several points in a demurrer, or in a motion, or instructions, or rulings in an excep-

Wilson v. Hillhouse.

tion, it must designate which is relied on as error, and the court will only regard errors which are assigned with the required exactness, but the court must decide on each error assigned." Now, it is *possible* that appellant might have been more "specific or exact" in his assignment, but under the circumstances I think it would be difficult to find language more nearly conforming to the required rule. And if it could be found, I am well assured that the language used is as accurate and precise as was ever contemplated by this section. To be exact, is to be accurate — closely correct — to conform to rule, and when there is accuracy or precision, there is exactness. And to be specific is to do that which shall clearly distinguish one thing or proposition from another.

In this instance I do not see how it is possible to mistake the very error upon which the appellant relies. Appellee understands it, for he has argued the single proposition whether the proposed cross-examination was or was not proper. And this is all that appellant argues or insists upon. And this, to my mind, is all that the assignment means. In his objection to the proposed testimony appellant relied upon a well-settled rule in the law of evidence and claimed that the case fell within it. Appellee insisted that a basis had been laid for the cross-examination proposed. Appellants' objection was overruled and the question made by him and decided by the court he specifically and exactly presents for our determination. To hold that he does not do this conformably to statute by this assignment is, in my opinion, to require more than was ever contemplated, and to establish a precedent which I cannot sanction.